21-2966-cr
United States v. Williams

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-three.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                          No. 21-2966-cr

MICHAEL WILLIAMS,

*Defendant-Appellant.*

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: JAMES I. GLASSER (Ariela C. Anhalt, *on the brief*), Wiggin and Dana LLP, New Haven, CT

FOR APPELLEE: SOPHIA M. SUAREZ, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Michael Williams appeals from a December 1, 2021 judgment of conviction entered by the United States District Court for the Eastern District of New York (Donnelly, J.) after he pleaded guilty to one count of arson in violation of 18 U.S.C. § 844(i). Following the Government's request for "a significant term of imprisonment above the applicable Guidelines range" of 60 to 63 months' imprisonment, the District Court sentenced Williams principally to 96 months'

2

imprisonment. Joint App'x 69, 112, 116-17. Williams argues, for the first time on appeal, that the Government breached the plea agreement when it requested an above-Guidelines sentence. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Because Williams failed to argue in the District Court that the Government breached the plea agreement, we review for "plain error." See United States v. Taylor, 961 F.3d 68, 81 (2d Cir. 2020). "To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights." Id. (quotation marks omitted). "If all three conditions are met, we will then exercise our discretion to rectify this forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

Williams fails to establish plain error. "To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement." United States v. Vaval, 404 F.3d 144, 152 (2d Cir. 2005) (quotations marks omitted). Here, nothing in the plea

3

agreement restricts either party's right to argue for a non-Guidelines sentence. See United States v. Miller, 993 F.2d 16, 20 (2d Cir. 1993) (holding that where there is "no stipulation as to what position the government will take," the government is "free to take the position of its choice"). Moreover, the plea agreement unambiguously stated that the Guidelines estimate is "not binding on the [Government]." Joint App'x 15; see United States v. MacPherson, 590 F.3d 215, 219 (2d Cir. 2009) (finding "no plain error" on account of effectively identical language in the plea agreement, where the District Court adopted a higher-than-estimated Guidelines level upon the Government's request). During his plea allocution, Williams affirmed that the Guidelines estimate in the plea agreement "could be wrong," that "there is no way . . . to know what [his] ultimate sentence will be," and that no one "promised [him] that [he is] going to get a particular sentence." Joint App'x 34-35, 37. Therefore, "the precise terms of the plea agreement and [] the parties' behavior" demonstrate that Williams would have reasonably understood that the Government could request an above-Guidelines sentence. United States v. Wilson, 920 F.3d 155, 163 (2d Cir. 2019).

Williams also argues that the Government "deprived [him] of the central benefit of his plea" when it "relied in substantial part on the witness-tampering context of Mr. Williams's arson offense" to ask for an above-Guidelines sentence. Appellant's Br. 43. We disagree. Even though the Government agreed not to bring "further criminal charges . . . against [Williams] for his commission of [] witness tampering," Joint App'x 16, Williams "points to no evidence in the record that he bargained for or requested that the government not raise the [witness-tampering motive] at sentencing." United States v. Helm, 58 F.4th 75, 86 (2d Cir. 2023). In fact, the plea agreement anticipated that Williams's motive would play a role in sentencing: the base offense level estimate accounted for a two-point enhancement pursuant to U.S.S.G. § 2K1.4(b)(1) because the "offense [was] committed to conceal another offense." Joint App'x 14, 34. We therefore conclude that Williams would have reasonably understood that the Government could raise the witness-tampering motive at sentencing.

We have considered Williams's remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court